IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| DWIGHT SULLIVAN | § | |
| v. | § | CIVIL ACTION NO. 5:08cv168 |
| STEPHANIE DeRAMCY, ET AL. | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Plaintiff Dwight Sullivan, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

The Magistrate Judge divided Sullivan's claims into seven separate categories: uses of force, destruction of outgoing correspondence, theft of property, retaliation, false disciplinary cases, denials of food, showers, and necessities, and improper investigation of a grievance. The Defendants were ordered to answer the lawsuit and a motion for summary judgment was filed, to which Sullivan filed a response. Sullivan also filed a motion for summary judgment, to which the Defendants have responded.

After review of the pleadings and the summary judgment evidence, the Magistrate Judge issued a Report on May 17, 2010, recommending that the Defendants' motion for summary judgment be granted and that the lawsuit be dismissed. Sullivan filed objections to the Magistrate Judge's Report on May 28, 2010.

In his objections, Sullivan states first that he has a right to trial by jury under the Constitution and the Federal Rules of Civil Procedure, because he made his jury demand in a timely manner. The mere fact of a jury demand does not convey an absolute right to trial by jury; the Fifth Circuit has specifically said that "the right to trial by jury does not prevent a court from granting summary judgment." Baranowski v. Hart, 486 F.3d 112, 126 (5th Cir. 2007), *citing* Plaisance v. Phelps, 845 F.2d 107, 108 (5th Cir. 1998). Thus, a properly granted motion for summary judgment renders the demand for a jury moot. Sullivan's objection on this point is without merit.

Second, Sullivan contends that the Magistrate Judge abused her discretion in dismissing his use of force claims because he did not provoke the incidents, and he is seeking the equal protection of the laws relating to the Fourth, Fifth, Seventeenth, Nineteenth, Fourteenth, and First Amendments. The Magistrate Judge discussed Sullivan's use of force claims extensively, even referring to videos which existed of some of these incidents. Sullivan's objections fail to show any error in the Magistrate Judge's Report, and so these objections are without merit.

Third, Sullivan complains that he did not receive complete discovery from the Defendants. He refers to a motion which he filed, which he styled as a "motion for leave to file out of time for deposition and discovery." The discovery plan in effect for this case provided for disclosure only, with no depositions or other discovery permitted. Sullivan has not shown that he did not receive any discovery to which he was entitled under the discovery plan in effect for this case. His objection on this point is without merit.

Fourth, Sullivan claims that he believes that the Magistrate Judge "totally disregarded" the summary judgment evidence which he presented. As the Report makes clear, the Magistrate Judge carefully reviewed all of the competent summary judgment evidence in the record, regardless of who submitted it. This objection is without merit.

Next, Sullivan complains that the Magistrate Judge recommended remanding his property claim to the state agency, even though procedural violations occurred, which he claims denies him the equal protection of the law. In fact, the Magistrate Judge correctly determined that because

adequate state post-deprivation remedies exist, Sullivan had failed to set out a valid constitutional claim for the confiscation of his property. *See* Hudson v. Palmer, 468 U.S. 517, 533 (1984); Simmons v. Poppell, 837 F.2d 1243, 1244 (5th Cir. 1987). Sullivan has failed to show an equal protection violation with regard to the fact that his property claims should be brought through the appropriate state post-deprivation process rather than in federal court. His objection on this point is without merit.

Sixth, Sullivan contends that his allegations show "a timely pattern consistent with his retaliation averments." He states that he has produced "subjective and objective evidence" but that the Magistrate Judge failed to acknowledge "the true but hidden facts." Sullivan also states that he is locked in a cell for 23 hours a day and that the prison officials control his every movement and have altered documents to show that their actions are in compliance when in fact they are not.

The Magistrate Judge concluded that Sullivan had failed to state specific facts in support of his retaliation claims, but instead relied on bare and conclusory allegations. Sullivan's objections, which obliquely refer to unidentified "subjective and objective evidence" revealing "true but hidden facts," highlight the correctness of the Magistrate Judge's conclusion that Sullivan failed to state specific facts, as required to show a retaliation claim. In addition, the Magistrate Judge properly determined that Sullivan had failed to show a chronology of events from which retaliation may be inferred. Sullivan's objection on this point is without merit.

Finally, Sullivan asks for relief in the form of a trial by jury, an order that the prison system restore his personal property to him, and permission to file a supplemental complaint. None of these requests are meritorious. The Court notes that Sullivan did not challenge nor even allude to the Magistrate Judge's conclusion that the Defendants are entitled to the defense of qualified immunity, and the Court has determined that this conclusion by the Magistrate Judge is correct.

The Court has conducted a careful *de novo* review of the pleadings in this case, the motions for summary judgment filed by the parties and all of the competent summary judgment evidence in the record, the Report of the Magistrate Judge, the Plaintiff's objections thereto, and all other

pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 75) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Defendants' motion for summary judgment (docket no. 52) is GRANTED and the above-styled civil action be and hereby is DISMISSED with prejudice as to all claims other than the Plaintiff's claims concerning the alleged thefts of his property. The claims regarding the alleged thefts are hereby DISMISSED with prejudice as to their refiling in federal court, but without prejudice as to any state law remedies as the Plaintiff may wish to pursue, including but not limited to claims through the TDCJ administrative procedures as well as conversion or other state law claims in the courts of the State of Texas. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**SIGNED this 9th day of June, 2010.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE